UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

October 3, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Rodney G. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-3007-BAH

Dear Counsel:

On November 21, 2022, Plaintiff Rodney G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8), the parties' cross-motions for summary judgment (ECFs 14 and 18), and Plaintiff's alternative motion for remand (ECF 14).[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions for summary judgment, GRANT Plaintiff's alternative motion for remand, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on July 2, 2018, alleging a disability onset of March 15, 2015. Tr. 331–34. Plaintiff's claim was denied initially and on reconsideration. Tr. 132–35, 137–43. An Administrative Law Judge ("ALJ") held hearings on August 11, 2021, and on February 8, 2022. Tr. 34–45, 46–90. Following the hearings, on March 9, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 11–33. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file "briefs" instead of "motions for summary judgment." Here, both parties moved for summary judgment and Plaintiff also filed an alternative motion for remand. *See* ECFs 14, 18.

[2] 42 U.S.C. §§ 301 et seq.

*Rodney G. v. Kijakazi*
Civil No. 22-3007-BAH
October 3, 2023
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ found that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of March 15, 2015 through his date last insured of December 31, 2020." Tr. 16. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "Degenerative Disc Disease, Migraines, Peripheral Neuropathy, Depression, Bipolar Disorder, Schizoaffective Disorder, [and] Anxiety." *Id*. The ALJ also found that Plaintiff suffered from the non-severe impairments of "substance abuse disorder, obesity[,] and carpal tunnel syndrome." *Id*. At step three, the ALJ determined that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant is only occasionally able to climb ramps or stairs. Never able to climb ladders, ropes or scaffolds. Occasionally able to balance, stoop, kneel, crouch or crawl. Limited to frequent use of either upper extremity for fine fingering or grasping and handling of small objects. Avoid concentrated exposure to vibration. Avoid work at unprotected heights. Able to understand and carry out simple instructions and routine, repetitive tasks. Avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others). Able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated with normal breaks. Occasionally able to change activities or work settings during the workday without it being disruptive. Occasionally able to deal with changes in a routine work setting. Able to have frequent interaction with supervisors and occasional interaction with co-workers and/or the general public.

Tr. 19. The ALJ determined that Plaintiff was unable to perform any past relevant work through the date he was last insured, but also determined that Plaintiff could have performed other jobs that existed in significant numbers in the national economy during this period. Tr. 25–26. Therefore, the ALJ concluded that Plaintiff was not disabled during the period at issue. Tr. 27.

*Rodney G. v. Kijakazi*
Civil No. 22-3007-BAH
October 3, 2023
Page 3

## III.     LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.     ANALYSIS

On appeal, Plaintiff argues: (1) that the RFC is unsupported by substantial evidence because it "does not reflect all of [Plaintiff's] substantiated limitations" and lacks provisions regarding off-task behavior and unscheduled absences; and (2) that the ALJ fails to provide a sufficient explanation for discounting a lumbar spine medical source statement prepared by one of Plaintiff's attending physicians. ECF 14-1, at 11–14. Defendant counters that: (1) the ALJ "properly evaluated evidence during the relevant period in determining Plaintiff's RFC"; (2) the ALJ "was not required to consider" the lumbar spine medical source statement; (3) that even if the ALJ were required to evaluate the statement, the evaluation supplied by the ALJ was supported by substantial evidence; and (4) the ALJ "was not required to determine a percentage of time that Plaintiff would be off-task." ECF 18-1, at 6–20.

The Court begins by examining Plaintiff's second argument, as it finds the argument dispositive. As stated above, Plaintiff applied for DIB in 2018. Tr. 331–34. "For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. § 404.1520c). Specifically, an ALJ must "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions . . . in [a claimant's] case record." *Id.* (citing 20 C.F.R. § 404.1520c(b)). Supportability and consistency are the most important factors in weighing medical opinions. *Id.* (citing 20 C.F.R. § 404.1520c(b)(2)). Therefore, the ALJ must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions" in their decision. *Id.* Supportability refers to "the objective medical evidence and supporting explanations presented by" a source. *Id.* (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency refers to the cohesion between the opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)).

Here, the ALJ evaluated a lumbar spine medical source statement in which Plaintiff's attending physician opined that Plaintiff possessed certain limitations in sitting, standing, and

walking.³  Tr. 25.  The ALJ determined that the statement was unpersuasive and provided the following analysis:

> The undersigned considered an opinion that stated the claimant can only sit, stand or walk for two hours (21F).  The undersigned does not find the opinion persuasive.  The undersigned is unable to determine the supportability, as the opinion is unsigned, so the undersigned does not know which records to analyze for supportability.  The opinion was not consistent with the claimant's conservative treatment and exams noting he often walked with a normal gait and had normal extremities, full range of motion, no tenderness or swelling, intact sensation and full muscle and grip strength (4F/11, 14, 17; 7F/57, 60; 9F/4, 19, 43, 45, 47, 49, 52; 13F/11, 16; 18F/34).  Furthermore, the opinion was incomplete and did not fully address the full range of the claimant's abilities and limitations.

*Id.*

As an initial matter, the ALJ failed to adequately explain how the supportability of the statement was considered.  "Strictly speaking, 'supportability' concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, No. 20-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citations omitted); *see also Mary W. v. Comm'r of Soc. Sec.*, No. 20-5523, 2022 WL 202764, at *10 (S.D. Ohio Jan. 24, 2022) ("For the ALJ to have adequately discussed the supportability of . . . opinions, the ALJ needed to evaluate what the [physicians] said they based their opinions on—not simply how their opinions compared to the record evidence as a whole, which only goes to . . . consistency[.]"), *report and recommendation adopted sub nom. Wiseman v. Comm'r of Soc. Sec.*, No. 20-5523, 2022 WL 394627 (S.D. Ohio Feb. 9, 2022).  This Court has noted that supportability must be considered independently from consistency.  *See Duane H. v. Kijakazi*, No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors.").

Here, the ALJ did not assess supportability, but instead suggested that such an analysis

---

³ Defendant avers that the ALJ was not required to consider the lumbar spine medical source statement because it was "completed more than one year after the period at issue[.]"  ECF 18-1, at 14.  However, Defendant's argument is unavailing because no date appears on the statement.  *See* Tr. 1446–50.  Moreover, even if the statement was prepared "after [Plaintiff's] insured status ha[d] expired," an ALJ may properly consider such evidence if it is "link[ed]" to a plaintiff's condition as it existed until the date the plaintiff was last insured.  *Jamie B. v. Kijakazi*, No. DLB-20-1866, 2021 WL 4425576, at *2 (D. Md. Sept. 27, 2021).  Such a linkage is present here, as the medical source statement relied upon MRIs of the lumbar spine, *see* Tr. 1446, and the record indicates that these MRIs were conducted in 2014, 2015, and 2018—several years before Plaintiff last met the insured status requirements of the Social Security Act.  *See* Tr. 16, 20, 21, 816.  Therefore, the evidence "permits an inference" that the medical source statement is linked to Plaintiff's condition as it existed before 2020.  *Jamie B.*, 2021 WL 4425576, at *2.

could not be performed because "the opinion is unsigned[.]" Tr. 25. However, a review of the medical source statement reveals that its last page contains the signature of an attending physician. Tr. 1450. Moreover, even if the ALJ had correctly characterized the statement as unsigned, it is unclear how this observation sheds light on the statement's supportability, which, as discussed above, concerns "what the [physician] said they based their opinions on[.]" *Mary W.*, 2022 WL 202764, at *10. Indeed, a careful review of the statement suggests that the statement *does* provide a basis for the attending physician's conclusions. The statement contains a section which asks the attending physician to "[i]dentify the clinical findings, laboratory and test results that show [the] patient's medical impairments[.]" Tr. 1446. In response, the attending physician answered that these clinical findings included an MRI of Plaintiff's lumbar spine. *See id.* As such, a review of the statement permits an inference that the attending physician properly relied on "diagnostic techniques, data collection procedures/analysis, and other objective medical evidence" in reaching their conclusions. *Reusel*, 2021 WL 1697919, at *7 n.6. Because an ALJ's consideration of all medical opinions must include a supportability analysis, and because none was provided here, the ALJ's evaluation of the statement amounts to reversible error. *See Adrianna S.*, 2022 WL 112034, at *1.

The ALJ also erred with respect to their evaluation of the medical source statement's consistency with other evidence. *See id.* (recognizing that consistency refers to the cohesion between an opinion and "the evidence from other medical sources and nonmedical sources in the claim"). Specifically, the ALJ observed that the statement was inconsistent with evidence "noting [that Plaintiff] . . . had . . . full range of motion, no tenderness or swelling, intact sensation and full muscle and grip strength[.]" Tr. 25. However, the ALJ noted elsewhere in the decision that "[t]he record showed . . . exams where the claimant was in pain and had tenderness, numbness, weakness and reduced range of motion." Tr. 24. The ALJ also credited this evidence by noting that it "supported a finding that [Plaintiff] is unable to perform a full range of work activities." *Id.* The ALJ thus appears to have reached opposing conclusions regarding the evidence related to tenderness, range of motion, and strength. Therefore, substantial evidence could not have supported the ALJ's conclusion that the medical source statement was inconsistent with evidence related to tenderness, range of motion, and strength, as the ALJ's treatment of this evidence was internally inconsistent. Remand is thus required. *See Mallett v. Berryhill*, No. 5:18-CV-241-D, 2019 WL 2932776, at *4 (E.D.N.C. June 17, 2019) ("An ALJ's opinion that is internally inconsistent frustrates meaningful review and requires remand.") (citing *Hester v. Colvin*, No. 7:14-CV-163-BO, 2015 WL 3409177, at *2 (E.D.N.C. May 27, 2015)), *report and recommendation adopted sub nom. Mallet v. Saul*, 2019 WL 2980032 (E.D.N.C. July 8, 2019).

Additionally, the ALJ's observation that the medical source statement "did not fully address the full range of the claimant's abilities and limitations" is irrelevant to the proper analysis of a medical opinion. Tr. 25. Because 20 C.F.R. 404.1520(c) provides that the opinion of a specialist "may be more persuasive" than that of a generalist, and because the regulation contemplates that medical opinions may or may not concern "the same issue," it is clear that a medical opinion need not address the totality of a claimant's health issues in order to have persuasive value. 20 C.F.R. 404.1520(c).

The ALJ's errors in evaluating the lumbar spine medical source statement were not harmless. Had the ALJ properly evaluated the statement (as well as the evidence relevant to the ALJ's consistency analysis), the ALJ might have determined that the statement's conclusions regarding Plaintiff's ability to sit, stand, or walk for more than two hours were fully or partially persuasive. Because the vocational expert testified that such limitations would preclude work, *see* Tr. 85, the ALJ's failure to support their evaluation of the medical source statement with substantial evidence was not inconsequential. Accordingly, remand is warranted. *See Carlos F. v. Kijakazi*, No. BAH-22-2049, 2023 WL 3293086, at *4 (D. Md. May 5, 2023) (holding remand to be required where ALJ failed to assess the supportability of an opinion which, if "properly evaluated," may have altered the ALJ's disability determination).

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. In remanding, I express no opinion as to whether the ALJ's ultimate determination that Plaintiff was not entitled to benefits was correct.

## V.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 14, is DENIED and Defendant's motion for summary judgment, ECF 18, is DENIED. Plaintiff's alternative motion for remand, ECF 14, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge